Rollin A. Fancher, J.
On January 14, 1959, at Dunkirk, New York, there was argued before me the question of admitting to bail the defendant in this criminal case, Kenneth Wasmund. The charge against this defendant is first degree assault and attempted rape.
The District Attorney opposes the application largely on the ground it is not safe to have this defendant at large pending trial.
The defendant was committed to G-owanda State Hospital on November 5, 1958, in accordance with the Code of Criminal Procedure, for examination by this court. Copies of the report were served on the District Attorney and on the then attorney for the defendant, Robert P. Galloway. Mr. Galloway was given time to accept or reject the report, in accordance with section 662-a of the Code of Criminal Procedure. The report has not as yet been accepted by the defendant’s attorney. The District-Attorney points to the report as substantiating his position, that the defendant should not be at large. The court has therefore carefully re-read the report. While the report is not receivable in evidence upon the trial of the defendant under section 662 of the Code of Criminal Procedure, it is certainly the court’s right to consider it on an application for bail and it may be noted that this report was not available at the time that bail was originally granted in this matter.
*112 Defendant’s own statement to the doctors at Growanda says that in March of 1958, an occasion prior to the one on which he is now indicted, that he consumed a large amount of beer, felt shaky and was following a car driven by a woman, that he developed hazy and blurred vision, he pulled his car in front of the car driven by the woman and stopped her car. He left his automobile and went toward her automobile but says he suddenly returned to his own house and is unable to remember doing anything to her. The second time on June 18, 1958 following a drinking bout at a party around. 11:30 p.m. he suddenly found himself following- another woman in a car who was actually his coworker. He again experienced hazy vision, could see only black on the sides. Suddenly he stopped at the woman’s house, and when the woman approached the porch of her home he attacked her with a tire iron hitting her in the head and neck. She fell backward but he caught her and tried to blindfold her with his handkerchief. She started to scream, whereupon he ran away and went home. ‘ ‘ He does not believe raping her. It is really not clear to me. 1 felt I was coming out of a dream.”
He actually does not know why he drinks, but he at times admits drinking 20 or more glasses of beer and whiskey. He has also worked as bartender and waiter. Naturally this court has no particular way of restraining this young man from drinking and his past performances indicate that he drinks while under stress and strain. It is only logical to assume that with a serious charge pending against him once he is released with the stress and strain of the criminal indictment pending against him it is likely again to cause him to return to drinking.
The report indicates he is immature in psychosexual adjustment. There is also evidence of strong hostility. Emotional problems are still present. At times his tensions are extreme and tolerance for anxiety and frustrations is low. Consequently, he resorted to drinking, as an easy means of release. It appears in all probability that on the two occasions in question when he committed assault, he might have been temporarily acutely mentally ill suffering from psychosis due to alcohol, pathological intoxication. The examiners recommended that this defendant abstain in the future completely from alcohol, presumably due to the fact that when he drinks he is liable to go into one of his spells as a result of drinking and assault someone.
The defendant’s attorney has argued that not to admit this young man to bail amounts to dropping the presumption of innocence surrounding the defendant. This court does not pre *113 judge any defendant, but this court does have a duty to protect the public. This defendant has stated to qualified doctors while he was sober and not under the influence of liquor and at such time when perfectly sane, that he has committed the acts with which he is charged and that on a prior occasion he was involved in something which certainly was not normal behavior and indicated his intent toward the female sex when he was under the influence of liquor. It seems to this court, based upon these facts and without any regard for the ultimate finding of guilt or innocence in the matter, that it is asking too much of this court to assume the responsibility for allowing an individual with this background and tendencies to remain at large.
This court and the District Attorney have been ready to try this defendant ever since last September. The case was set down for trial in November and the court and jury were at Mayville and the District Attorney was ready for trial. It was then, because of a sudden change of tactics the defendant’s attorney made a claim of insanity of the defendant at the time of the occurrence alleged and caused the case to go over the term, but with the distinct understanding that it would be tried at the January Term and it was specifically set down for January 20 for trial. Just prior to the trial the court is met with another request for delay on the part of the defendant because of the change of counsel for the defendant — the People and court and jury being ready to proceed. If the defendant has remained in jail for any period of time it is a result not of the courts or the People’s delay but squarely on the defendant’s shoulders. If he remains in jail until the trial can be had the reasons for delay are caused by himself. This court cannot be charged with that.
It has long since been established that admission to bail in felony cases is not a matter of right but rests in the sound discretion of the court. In view of the propensities of the defendant indicated by the report and taking into consideration all the other circumstances in this case, this court believes bail should be denied as a matter of judicial discretion.
This case is set down for trial for the 3d day of March, 1959.