**STATE of Iowa, Appellee,**

v.

**James ARBUCKLE, Appellant.**

No. 53407.

Supreme Court of Iowa.

Nov. 12, 1968.

C. A. Frerichs, Waterloo, for appellant.

Robert L. Rausch, Waterloo, Asst. County Atty., for appellee.

GARFIELD, Chief Justice.

This is the first appeal to come to us under chapter 420 (House File 128) Laws of the 62d General Assembly (1967) from an order of the district court refusing to release defendant, charged with breaking and entering, from custody pending judgment on his personal recognizance. The appeal was submitted to us summarily without briefs on the record made in the district court. We affirm the order.

Defendant was arrested on the charge about October 17. He waived formal arraignment and time to plead and pleaded not guilty October 30 when his counsel orally applied for the order which was denied. Defendant was the only witness at the hearing which preceded the order.

The court found in the exercise of its discretion that the release of defendant without filing a bond in cash or with adequate surety would not reasonably assure defendant's appearance as required. Bond was set at $1000, a reduction of the larger amount not shown by the record previously set. Trial was set for a date to be later fixed at the November-December period of the court.

I. It seems best to summarize the statute under which the application in the district court was made and the summary appeal to us was taken.

Chapter 420 (H.F. 128) Laws 62d G.A., so far as now pertinent, provides:

"Sec. 2. Conditions for release of defendant.

"1. All bailable defendants shall be ordered released from custody pending judgment on their personal recognizance, or upon the execution of an unsecured appearance bond in an amount specified by the magistrate unless the magistrate determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the defendant as required. When such determination is made, the magistrate shall * * * impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or,

if no single condition gives that assurance, any combination of the following conditions:

"a. Place the defendant in the custody of a designated person or organization agreeing to supervise him;

"b. Place restrictions on the travel, association or place of abode of the defendant during the period of release;

"c. Require the execution of an appearance bond in a specified amount and the deposit with the clerk of the court in cash or other qualified security of a sum not to exceed ten percent of the amount of the bond, * * *.

"d. Require the execution of a bail bond with sufficient surety, or the deposit of cash in lieu thereof, * * *.

"e. Impose any other condition deemed reasonably necessary to assure appearances as required, * * *.

"2. In determining which conditions of release will reasonably assure appearance, the magistrate shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the defendant's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings."

Section 3, subd. 2, provides for appeal to us from the order of the district court. We quote the pertinent part:

"The appeal shall be determined summarily without briefs on the record made in the district court. However, the defendant may elect to file briefs and may be heard in oral argument, in which case the prosecution shall have a right to respond as in an ordinary appeal from a criminal conviction. The supreme court may, on its own motion, order the parties to submit briefs and set the time in which such briefs shall be filed. *Any order so appealed shall be affirmed if it is supported by the proceedings in the district court. If the order is not so supported the court may remand the case for further hearing, or may, with or without additional evidence, order the defendant released pursuant to section two, subsection one.*" (emphasis added).

II. At the hearing on the application defendant was first questioned by his own attorney, appointed by the court. At the time of his arrest defendant, age 30, was living at the Vinton Hotel in Vinton, about 35 miles from Waterloo, county seat of Black Hawk County, (Vinton is in Benton County). He had been living at the Vinton Hotel since about mid-August. Before then he had been living in Vinton with his wife and five children. The wife sued defendant for divorce and, as we understand the record, defendant was restrained from occupying the home. Defendant moved to Vinton in 1960; before that he lived in Waterloo one year, moving there from LaPorte City, about half way between Vinton and Waterloo. He had lived at LaPorte City since 1948. He had lived in Iowa all his life. When arrested defendant had been employed by a food store in Vinton as a "boner" for two weeks. Before that he was self-employed since mid-August at his old trade of "tuck pointing"—replacing old mortar between bricks with fresh mortar. Before this period of self-employment defendant worked about a year and a half for the Vinton Crib and Silo Co., subsequent to work for another company engaged in tuck pointing, with whom he started in 1960.

Defendant has never been convicted of a felony. He had had several speeding vio-

lations and had been arrested for driving while his driver's license was suspended, he did not know for sure how many times. The last time was about a year and a half before the hearing. After these arrests for driving while his license was under suspension defendant was a patient for five weeks—starting in March, 1967, at the Mental Health Institute at Independence. Defendant testified "they" found nothing radically wrong with him at Independence.

On cross-examination defendant said he owned no property in Waterloo, no real estate in Iowa, and had no savings of any kind. A brother, a grandmother and "scads of cousins" lived in Waterloo. Defendant's divorce was pending in Vinton. While self-employed defendant did not go out of the state for any of his work. In answer to questions by the court, defendant testified his wife asked him to enter the institute at Independence because she was under the impression he was not acting himself. Defendant also said he did not know the number of times he had been arrested, charged or convicted of operating a motor vehicle without a valid driver's license, but it was a number of times, all prior to going to Independence. Defendant felt it was worth his time to go there.

III. The trial court's order finds as facts the matters testified to by defendant as shown by the record of the hearing. After referring to matters defendant testified to, the order recites:

"6. The Court finds in the exercise of its discretion, based primarily upon defendant's insecure family status, lack of roots, such as the owning of real estate or substantial personal property, and his indefinite work record, that the release of defendant upon his own recognizance or any other release except upon the filing of a bond in cash or with adequate surety in the full penal sum will not reasonably assure the appearance of defendant as required."

IV. Subsection two of section three of the statute quoted supra directs that the district court's order shall be affirmed if supported by the proceedings there. And subsection two of section two sets out the matters to be taken into account in determining which of the named conditions of a defendant's release from custody will reasonably assure his appearance in court. (The statute, section one of which repeals section 763.3 Code of Iowa 1966, now appears in 56 Iowa Code Annotated as sections 763.16 and 763.17.)

We are not prepared to hold the record in the district court on which this appeal was, at defendant's request, summarily submitted to us does not support the order appealed from.

The record is silent as to the nature and circumstances of the offense charged, except that the crime was breaking and entering, presumably in violation of Code section 708.8 for which the penalty might be an indeterminate term not exceeding 10 years in the penitentiary. Doubtless the district court had other available information as to the nature and circumstances of the offense. Defendant's counsel evidently did not see fit to bring out other information, if any, as to the offense which might be deemed entitled to favorable consideration.

As the trial court pointed out, defendant's family status was—regrettably—insecure because of the divorce proceeding. His employment record was not commendable. He had no financial resources. There is evidence his mental condition was not stable at least in the preceding year. Defendant had not lived in Waterloo since moving there for a year in 1960. While his previous convictions were for minor offenses, there were a number of them.

The statute clearly implies that the district court has discretion in a matter of this kind. At least it had the benefit here of seeing and hearing this defendant which we do not have. We do not think we would

be justified in holding the district court abused its discretion in making the order.

It is noted the alleged crime was not committed until October 17. The trial court's order was made October 30 and this opinion is filed November 12. The case is set for trial in the November-December period of the district court and trial should not be delayed without defendant's consent except for unavoidable cause.

If trial is had as soon as now planned defendant's confinement awaiting trial will be relatively brief. The court apparently reduced the amount of the bond to what it believed was reasonably necessary.

Upon the entire record we conclude the order should be and is—

Affirmed.

All Justices concur.