**STATE of Iowa, Appellee,**

v.

**William FENTON, Appellant.**

No. 53840.

Supreme Court of Iowa.

Sept. 16, 1969.

Frank J. Karpan, Albia, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Hugh G. Guernsey, Asst. County Atty., Centerville, for appellee.

MOORE, Justice.

Defendant, William Fenton, has filed this summary appeal under the provisions of

chapter 420, (House File 128) Laws of the 62nd General Assembly. We affirm the district court's order refusing to release him from custody on his personal recognizance pending trial on the charge of rape.

As authorized by section 3, subd. 2 of chapter 420, supra, defendant has elected to submit this appeal on the record made in the district court without briefs. We also have the benefit of the district court clerk's transcript which has been certified to us under the provisions of section 793.6, Code, 1966.

On July 31, 1969 an information was filed in a justice of peace court in Appanoose County charging defendant with rape. Warrant for his arrest was immediately put in the hands of the sheriff who was unable to locate defendant in the county, at his parents' home in Mystic or in Des Moines where it was reported he was living. A state wide report failed to result in his arrest by other peace officers. There was considerable publicity defendant was wanted on the charge. On August 6, defendant, through the efforts of his attorney, appeared at the Monroe County jail where he was held and later taken to Appanoose County.

On August 11, 1969 a county attorney's information was filed and approved in the Appanoose district court charging defendant with rape of a fourteen year old female. Defendant's bail bond was thereon fixed at $7500. On arraignment August 12 defendant stated he was without funds to employ counsel and attorney Frank Karpan, who had previously represented defendant, was appointed to represent him. A plea of not guilty was entered and the cause assigned for trial at the next trial session of the court.

The next day, August 13, defendant with his counsel appeared before the court and reported he was unable to post the $7500 bond or to produce ten percent thereof if the court decided to so order as authorized by chapter 420, section 2, subd. 1(c). He requested release from custody pending judgment on his own recognizance or the posting of an unsecured appearance bond. An evidentiary hearing was then held, a transcript of which has been filed with us.

It includes these fact findings and order by the district court judge: "It appearing to the Court that the defendant has heretofore been charged on three separate occasions with assault, one of the charges to which the defendant entered a plea of guilty, and the other two are now on appeal; it further appearing to the Court that the defendant has been charged with two traffic violations, one of which involved a high speed chase, indicating a desire on the part of the defendant to flee. It further appearing to the Court that this defendant is being held on a charge of rape under a county attorney's information filed herein and that the warrant for the arrest of the defendant was issued on the 31st day of July, 1969; that he was not located by the officer having the warrant; that the defendant thereafter, on the 6th day of August, 1969, surrendered himself in an adjoining county, giving no explanation for his absence.

"The Court finds that the bond heretofore fixed by this Court in the amount of $7,500 should not be altered nor changed. The defendant's request for release without bail under chapter 420 of the Acts of the Sixty-second General Assembly is therefore denied."

The undisputed evidence fully supports the findings of the court. The record does not disclose any home address or place of employment of defendant.

In State v. Arbuckle, Iowa, 162 N.W.2d 279, we set out the provisions of chapter 420, Laws of the 62nd G.A. It is unnecessary to repeat them here. In summary they direct the magistrate to release a defendant on his own personal recognizance or on an unsecured appearance bond "unless the magistrate determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the defendant as required." When such a determination is made the magistrate is au-

thorized by section 2, subd. 1 among other provisions to require posting of a bail bond with sufficient surety as was done here.

Section 2, subd. 2, chapter 420, Laws of the 62nd G.A., provides: "In determining which conditions of release will reasonably assure appearance, the magistrate shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the defendant's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings."

Regarding an order for a bail bond section 3, subd. 2 provides: "Any order so appealed shall be affirmed if it is supported by the proceedings in the district court. If the order is not so supported the court may remand the case for a further hearing, or may, with or without additional evidence, order the defendant released pursuant to section two, subsection one."

■ Determination of the conditions for the release of one charged with a public offense is directed to the magistrate's discretion. If such an order is supported by the record we must affirm. State v. Arbuckle, supra.

■ Our careful review of the record discloses ample support for the district court's order. No abuse of the court's discretion is shown. The order should be and is—affirmed.

All Justices concur.