STATE of Iowa, Appellee,

v.

**William Franklin GAINES, Appellant.**

**No. 53910.**

Supreme Court of Iowa.

Oct. 14, 1969.

Anthony M. Critelli, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., for appellee.

BECKER, Justice.

Appeal from trial court's refusal to modify the amount and conditions of release on bail bond pending action by the Grand Jury. This proceeding is authorized under chapter 420, Laws of the Sixty-second General Assembly (erroneously referred to by defendant as section 763.17, paragraph 2, Iowa Code, 1966). State v. Arbuckle, Iowa, 162 N.W.2d 279 and State v. Fenton, Iowa, 170 N.W.2d 678 (decided September 16, 1969), review the provisions of chapter 420 and the manner of summary appellate review by this court. Defense counsel in the notice of appeal of this matter states he will not file written briefs and arguments, will not ask to be heard orally and submits the matter on the transcript of the hearing held in connection with the request for modification of the conditions of bail. Such election is proper. The transcript has been furnished to us.

We have examined the transcript carefully. Defendant is charged with robbery with aggravation. He is 21 years of age. In 1966 defendant was charged with larceny of a motor vehicle, pled guilty to operating a motor vehicle without owner's consent, was sentenced to one year in the men's reformatory. He served eight months, was released October 7, 1967 and 20 days later was again arrested for larceny of a motor vehicle, pled guilty to operating a motor vehicle without the owner's consent and served another eight months of a one year reformatory sentence. Within six months of his second release defendant was charged with assault with intent to commit murder.

He pled guilty to assault with intent to do great bodily injury, was sentenced to and served six months in the Polk county jail. He was released from the Polk county jail June 15, 1969. He is now charged as above noted. The exact date of the alleged crime is not shown.

Defendant is unmarried and apparently lives with his parents in Des Moines. They will be able to raise some money to put up 10 percent of a bond if such procedure is allowed.

Defendant requests he be released on his own recognizance; or, alternatively, that the bond be substantially reduced from the present $10,000 and he be allowed to post a 10 percent cash deposit pending Grand Jury consideration and eventual trial, if required. Defendant has been working and thinks he will be able to get a job if released. He realizes the consequences of failure to appear as required by the terms of his release.

The trial court denied defendant's requests because of the seriousness of the crime, the absence of roots in the community and the record of defendant.

"Determination of the conditions for the release of one charged with a public offense is directed to the magistrate's discretion. If such an order is supported by the record we must affirm. State v. Arbuckle, supra." State v. Fenton, supra.

We affirm.

All Justices concur.