**STATE of Iowa, Appellee,**

v.

**Martin R. MUSSMAN, Jr., Appellant.**

**No. 54291.**

Supreme Court of Iowa.

June 18, 1970.

John P. Murphy, Clinton, for appellant.

Richard C. Turner, Atty. Gen., for appellee.

UHLENHOPP, Justice.

We have here to decide whether excessive bail was required on a rape charge. See 62 G.A. ch. 420, § 3(2).

Defendant, aged 28, is a lifelong resident of Clinton, Iowa. His first marriage lasted three years; he had two children by that marriage. He has one child by his present wife, and this second marriage seems to be more stable. He is a mechanic.

Several years ago defendant entered the United States Army, but he absented himself without leave and spent time in the stockade. Later he received a discharge from the Army as undesirable.

In 1963, defendant was charged with assault with a knife with intent to commit rape. He pleaded guilty to a reduced charge of assault with intent to commit a felony and was sentenced to five years, of which he served 18 months before earning a parole.

In 1969, defendant was charged with rape, and was released on his own recognizance. That charge is pending.

On April 23, 1970, the instant charge of rape was filed against defendant, based on another occurrence. If the prosecutrix is believed, defendant had sexual intercourse with this 17 year-old, previously chaste girl by force and putting in fear.

The Clinton Municipal Court set bail on the present charge at $30,000. On motion to reduce bail, a hearing was held in municipal court at which defendant had counsel. The ruling was that "the court, after reviewing the conditions and after hearing the facts presented on behalf of the Defendant, does hereby refuse to in any way amend the conditions previously determined for Bail, to-wit: Bond is fixed at $30,000."

Defendant was bound over, and in Clinton District Court again moved for reduction of bail. Another hearing was held and defendant again had counsel. The trial court reviewed the evidence, pointed out that defendant, if convicted, might be sentenced to life, and arrived at the same decision as the municipal court. Hence this summary appeal.

This court has dealt with the Act in question before. State v. Arbuckle, 162 N.W.2d 279 (Iowa); State v. Fenton, 170 N.W.2d 678 (Iowa); State v. Gaines, 171 N.W.2d 303 (Iowa). In Arbuckle it was said, "The statute clearly implies that the district court has discretion in a matter of this kind." State v. Arbuckle, supra, 162 N.W.2d at 281. The Act provides as to orders setting bail, "Any order so appealed shall be affirmed if it is supported by the proceedings in the district court." § 3(2). The factors to be considered by the magistrate in setting bail are set out in § 2(2) of the Act.

Weighing the factors specified in § 2(2) in the light of the evidence here, it is clear that bond should be required and defendant ought not be released on his own recognizance, to assure defendant's appearance in court when required. Admittedly the amount of the bail which was ordered is large, but in view of defendant's past misconduct and the pendency of two rape charges against him now, we conclude the order appealed from is supported by the proceedings in the district court.

Affirmed.

All Justices concur.