■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD B. SCHWEIZER, Appellant, v. DOUGLAS WELCH, as Sheriff of the County of Livingston, et al., Respondents.— Judgment unanimously reversed, without costs, and petition granted in accordance with the following memorandum: On Sunday, July 30, 1972 relator was arrested at his home in the Town of Lima, Livingston County, New York, charged with assault first degree, a felony, in violation of subdivision 3 of section 120.10 of the Penal Law. The accusatory instrument alleges that relator earlier that day had fired a rifle at a 1967 Rambler, the "bullet going through said vehicle and striking one Suzanne Nielsen in the back, thereby causing serious physical injury to same". Bail was originally fixed in the amount of $50,000. The County Court Judge, however, indicated that he would entertain an application for reduced bail in the amount of $10,000 cash or $20,000 security bond. Meanwhile, a psychiatric examination of relator by Dr. Robert Duncan, Director of Livingston County Mental Health Service, had been arranged by relator's counsel. When said counsel appeared in Livingston County Court on August 8, 1972 with cash bail, he was advised that bail would not be approved until the court had read Dr. Duncan's report. On August 9, 1972 the court received Dr. Duncan's letter in which he stated his opinion that "there is a risk to the community if (relator) is released from custody." The record further reveals that relator is 25 years old, has resided in Lima most of his life, is married and has lived with his wife for the past four years at the same Lima address, has been continuously employed since his 1967 release from the Marine Corps and has no criminal record, nevertheless, as a result of Dr. Duncan's report, the County Judge denied relator bail. A subsequent petition to Supreme Court for habeas corpus relief was denied by order dated August 18, 1972. From that judgment, relator, who has been continuously incarcerated since July 30, 1972, appeals. We conclude that County Court improperly denied relator bail based solely on Dr. Duncan's letter that relator would be a risk to the community. Such may not be viewed as anything other than preventive detention, which concept was specifically deleted from the bail provisions of the now applicable Criminal Procedure Law (McKinney's Cons. Laws, Book 11A, Criminal Procedure Law, Practice Commentary, § 510.30). Neither the Constitution of the State of New York nor the Criminal Procedure Law confers an absolute right to bail in all cases. The former provides merely that "Excessive bail shall not be required" (art. I, § 5), the latter establishes criteria for determining when bail or recognizance is mandated, prohibited or discretionary (CPL 510.30, subd. 1; 530.20, subds. 1, 2). Setting bail in this matter clearly falls in the discretionary area, the exercise of which is governed by the guidelines set forth in the statute (CPL 510.30, subd. 2, par. [a]). Crucial in the consideration of the enumerated factors is the "kind and degree of control or restriction that is necessary to secure his court attendance when

required" (CPL 510.30, subd. 2, par. [a]). Risk or danger to the community is not one of the listed criteria, and hence may not properly be considered by the court fixing bail in those cases where it is discretionary. Nevertheless, because relator's act was irrational and unprovoked and apparently cannot be remembered by him, Livingston County Court should direct the removal of relator to a hospital for examination for a period not to exceed 30 days pursuant to the provisions of subdivision 4 of section 78 of the Mental Hygiene Law. If relator is found to be mentally ill, he may be retained under the appropriate provisions of article 5 of that statute; if not, appropriate bail should be set by the County Court. (Appeal from judgment of Supreme Court, Monroe County dismissing petition for writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.