■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JERRY FELDMAN, on Behalf of JOSEPH CIFONE, Appellant, v WARDEN, NEW YORK DETENTION FACILITY AT RIKER'S ISLAND, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. JEFFREY WEISENFELD, on Behalf of JOSEPH CIFONE, Appellant, v WARDEN, NEW YORK CITY DETENTION FACILITY FOR MEN AT RIKER'S ISLAND, Respondent.—Judgment, Supreme Court, New York County, entered April 1, 1975, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, the petition granted and bail fixed at $125,000 cash bail or security satisfactory to the court. Appeal from judgment of the Supreme Court, New York County, entered February 26, 1975, dismissed as moot, without costs and without disbursements. The petitioner was arraigned with two codefendants and was later indicted on a charge of conspiracy in the first degree and criminal possession and criminal sale of a controlled substance in the first degree and possession of a weapon as a felony. The bail was initially set at $125,000. He made an application for bail re-evaluation, at which time the District Attorney disclosed ex parte to the court circumstances which led to the petitioner being held without bail. During the course of ensuing proceedings, the District Attorney provided counsel for the petitioner with an affidavit disclosing the information that had resulted in the revocation of bail, which quoted an associate of the petitioner in a statement to undercover investigators that in the event the petitioner was not incarcerated, he would abscond, and that his female codefendant would be done away with. The purpose of bail, of course, is to ensure the appearance of the defendant. *(Bellamy v Judges & Justices,* 41 AD2d 196, affd without opn 32 NY2d 886.) The danger to witnesses would be a proper basis for denying bail. *(People ex rel. Klein v Krueger,* 25 NY2d 497, 502.) However, as stated in the opinion of Breitel, J. (now Chief Judge) (p 502): "If witness-tampering is the risk in this case, the direct actor in such witness-tampering would not have to be and would not likely be the one man at whom the finger of guilt would be poised immediately." This petitioner has a family and roots in the community. Under the circumstances, we herewith restore bail as originally fixed. (Cf. *People ex*

*rel. Barnes v Warden,* 47 AD2d 722.) Concur—Stevens, P.J., Kupferman, Murphy, Tilzer and Capozzoli, JJ.