Memorandum. The order of the Appellate Division should be reversed.
 

 On the return of a writ of habeas corpus, the scope of
 
 *761
 
 inquiry is "only as to the
 
 legality
 
 of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reasons or for reasons insufficient in law”
 
 (People ex rel. Shapiro v Keeper of City Prison,
 
 290 NY 393, 399, emphasis in original; see, also,
 
 People ex rel. Klein v Krueger,
 
 25 NY2d 497, 500-501). Relevant factors in granting or denying bail are "[t]he nature of the offense, probability of conviction, and severity of the sentence which may be imposed, all increasing the risk of flight or unavailability for trial”
 
 (People ex rel. Parone v Phimister,
 
 29 NY2d 580, 581, and cases cited therein; CPL 510.30).
 

 Bail was denied on the grounds that (1) there was a "substantial likelihood that relator would flee” or (2) that he would "interfere with the judicial process”. The first ground alone, likelihood of flight, is sufficient. In addition to the fact that relator was charged with a class A-l felony for which the severest possible sentence may be imposed (save murder in the first degree [Penal Law, § 125.27]), the nature of the offense is heinous (see
 
 People v Broadie,
 
 37 NY2d 100) and the possibility of conviction is very high in that the arrest arose out of a transaction involving the sale of three and one half kilograms of cocaine (worth approximately $127,000) to an undercover police officer, a court authorized wiretap was made which allegedly incriminates relator and, furthermore, it is alleged that informants have linked relator to other drug sales and to organized crime. Moreover, a criminal confederate of relator revealed that he and others were prepared to post bail in order that relator might "take off”. In these circumstances, we cannot conclude that it was constitutionally unwarranted to deny bail
 
 (People ex rel. Parone v Phimister,
 
 29 NY2d 580,
 
 supra; People ex rel. Shapiro v Keeper of City Prison,
 
 290 NY 393,
 
 supra).
 

 People ex rel. Klein v Krueger
 
 (25 NY2d 497, 501,
 
 supra)
 
 relied upon by relator and the Appellate Division, is not to the contrary. There we said, "In this cáse the only critical support actually offered for the denial of bail is
 
 not danger of Bight
 
 * * * but rather the danger to potential witnesses” (p 502, emphasis added). While
 
 Klein
 
 resembles this case in that evidence of danger to potential witnesses was adduced, it stands in stark contrast insofar as evidence of flight is concerned and, thus, is inapposite.
 

 Since fixing of bail is subject to very limited review, the responsibility of the bail fixing court is correspondingly great.
 

 
 *762
 
 Although the District Attorney states that he was ready to try relator, if relator is not tried within a reasonable time, having due regard to the party causing the pretrial delay, review
 
 de novo
 
 of this bail application should not be precluded.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, without costs, and the judgment of Supreme Court, New York County, reinstated in a memorandum.