■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NANCY ROSNER, Appellant, v WARDEN, BRONX HOUSE OF DETENTION FOR MEN, Respondent.—Judgment entered in Supreme Court, New York County, March 8, 1976, which dismissed a petition in the nature of habeas corpus, unanimously affirmed, without costs and without disbursements. Bail was denied on the ground that there was a likelihood that relator, facing a life sentence, would flee. In the words of the lower court, the consequences of a conviction would cause the defendant to say "I have had it and I am going to split." Our scope of inquiry is "only as to the *legality* of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law" *(People ex rel. Shapiro v Keeper of City Prison,* 290 NY 393, 399; see, also, *People ex rel. Klein v Krueger,* 25 NY2d 497, 500–501). Likelihood of flight is sufficient. *(People ex rel. Weisenfeld v Warden, N. Y. Detention Facility at Rikers Is.,* 37 NY2d 760, revg 48 AD2d 789.) The bail fixing court also took cognizance of the fact that the relator owes 32 years to the Federal authorities on bank robbery convictions. Finding no abuse of discretion, we affirm. We note that the prosecutor conversed ex parte *in camera* with the court. And while the

Justice disavows any influence of such conversations on his decision to deny bail and so stated on the record, we disapprove of such tactics except in most unusual circumstances, not here apparent. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.