■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR K. MODICA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Smith, J.), rendered November 18, 1981, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ Based upon a review of the record we find that the defendant's plea of guilty was knowingly and intelligently made (see *People v Harris,* 61 NY2d 9, 18-19) and that it was not the product of coercion or duress (*People v Lowrance,* 41 NY2d 303; cf. *People v Flowers,* 30 NY2d 315, 317). Defendant, a second violent felony offender, is clearly "knowledgeable and criminally experienced" and is hardly "lacking in intellect or experience" (*People v Nixon,* 21 NY2d 338, 353, cert den *sub nom. Robinson v New York,* 393 US 1067). Hence "short shrift" was properly accorded his claims by the trial court (see *People v Lowrance, supra,* pp 304-305). Titone, J. P., Thompson and Boyers, JJ., concur.

Gibbons, J., dissents and votes to reverse the judgment appealed from, vacate the plea of guilty, and remit the case to the Supreme Court, Suffolk County, with the following memorandum: On appeal, defendant claims that his plea of guilty was coerced by the threat of being remanded to jail if he did not so plead. The case was conferenced on June 8, 1981, for the purpose of a possible plea change. At that point, defendant was free on bail. The Assistant District Attorney's offer was a plea to robbery in the second degree, with the sentence being, as a second violent felony offender, an indeterminate term of imprisonment of four to eight years. The court opined that "it is a very fair offer * * * a bare bottom bones offer in view of the crimes that are here". The Assistant District Attorney then moved to remand defendant to jail without bail, pending further proceedings and trial. The court granted the prosecution's motion, over defendant's opposition, exonerated his bail, and scheduled a *Huntley* hearing for the next day. ¶ Defendant was placed in custody. The court then gave a direction to "[h]old the defendant for ten minutes". Apparently this direction was given in order to provide defendant an opportunity to feel the full impact of the consequences of standing his ground against a guilty plea. In any event, the proof is in the result. Shortly thereafter, defense counsel informed the court and the Assistant District Attorney that his client had changed his mind and would accept the plea offer. The Assistant District Attorney withdrew the motion to exonerate bail and to remand defendant to jail on condition that defendant did, indeed, change his plea. Defendant then pleaded guilty. During the taking of the plea, the court asked both defendant and his attorney whether defendant's change of mind was prompted by the remand to jail. The answer was in the negative. After pleading guilty, defendant was given his freedom pending sentence. ¶ On or about August 27, 1981, prior to being sentenced, defendant moved, on papers, to withdraw his plea. The court held a hearing to determine the merits of this application. Defendant testified that he was the owner of a small business. When he was

unexpectedly remanded on June 8, defendant became very concerned about the effect which his sudden departure would have on his business. He also felt that his chances at trial were significantly impaired because he would have difficulty getting in touch with his witnesses. Therefore, he decided to accept the Assistant District Attorney's offer and to plead guilty. He testified that when the Judge asked him whether his change of heart had been prompted by being remanded to jail, he responded in the negative because he had to. Defendant felt that if he had told the truth, i.e., that the plea was made solely because of the threat of jail, the plea would not be accepted. Defendant took the plea because he knew that his bail would be reinstated. However, he wished to withdraw it because he was innocent and wanted to go to trial. The court denied defendant's motion. ¶ In my opinion, defendant's motion to withdraw his plea should have been granted. It is unrefuted that defendant never failed to show up for any court appearance. If the fear was that he would abscond and therefore not appear for court appointments, then revoking defendant's bail on June 8 and reinstating it and releasing him upon his pleading guilty, is most difficult to comprehend. It is obvious that the Assistant District Attorney's motion to revoke bail was motivated by the desire to obtain the plea. I further note that as soon as defendant indicated his acquiescence in the proffered plea, the motion which had previously been granted, resulting in a short remand to custody, was withdrawn and defendant was released. The quid pro quo is fairly patent. ¶ A guilty plea is valid when it is voluntarily and knowledgeably entered into. In taking a plea the court should ensure not only that the defendant is aware of what he is doing and the rights that he is waiving, but also that the plea is made of defendant's own free will, and is not the result of some coercive influence. In this case, the court did not adhere to this standard but, instead, intentionally or not, allowed jail and the prosecutor's threat of jail to determine the outcome. Since the threat of immediate imprisonment remained over defendant's head, his plea cannot be considered voluntary. It was not for the defendant to satisfy the Judge, who had given him a Hobson's choice, but rather the Judge who had the obligation before further inquiry to remove the offending threat of jail if defendant did not plead. So long as the alternatives were (1) not pleading guilty and going to jail, or (2) pleading guilty and going free, it cannot be said that the plea was voluntarily given. Accordingly, I vote to reverse the judgment appealed from and to vacate defendant's guilty plea. Defendant should be allowed to proceed to trial.