■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KINSLOW, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.),

rendered March 25, 1983, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Upon a review of the record we find that defendant's plea of guilty was knowingly and intelligently made (*see, People v Harris,* 61 NY2d 9, 18-19; *People v Modica,* 100 AD2d 559, *mod on other grounds* 64 NY2d 828) and that it was not the product of coercion (*People v Lowrance,* 41 NY2d 303; *People v Modica, supra*). It is clear that defendant, a second felony offender, is criminally experienced and "knowing and knowledgeable in the ways of the criminal law" (*People v Pearson,* 55 AD2d 685, 686; *see also, People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067).

Moreover, there is no merit to defendant's challenge to the constitutionality of Penal Law § 70.06, the second felony offender statute. This court has repeatedly stated that the mandatory sentencing scheme under that statute does not constitute cruel and unusual punishment (*see, People v Vasquez,* 104 AD2d 1012; *People v Cates,* 104 AD2d 895; *People v Bryant,* 47 AD2d 51).

Finally, we have reviewed defendant's other contentions, and find them to be without merit. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.