■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BOWERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered March 15, 1983, convicting him of robbery in the first degree and arson in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's argument that the court erred in denying that branch of his omnibus motion which was to suppress identification testimony based on the occurrence of allegedly suggestive pretrial identification procedures is without merit. The defendant's photograph was selected by the complaining witness on two different occasions from two different photo arrays. The defendant does not assert that either photo array was itself suggestive; rather, he argues that the very procedure of employing two different arrays, each containing his picture, was improper. However, we find that since the witness's first photographic identification was a positive one, there was no suggestivity inherent in this procedure (see, People v Malphurs, 111 AD2d 266, 268; see also, People v Carter, 106 AD2d 654, 656-657; People v Van Buren, 87 AD2d 900).

The defendant also argues that the court should have granted his application to withdraw his plea of guilty. He wrote a letter to the court prior to sentencing in which he alleged that he had been given improper advice by his attorney as to the maximum sentence he would face. The court, at sentencing, allowed the defendant to make any additional arguments in support of his motion to withdraw his plea, but the defendant declined to do so. The court then properly denied the motion, noting that the record of the plea allocution totally belied the defendant's assertion that he was under a misapprehension as to the maximum sentence that could be imposed for the crime with which he was charged.

The defendant also argues, for the first time on appeal, that the court abused its discretion when it revoked a previous order which had fixed bail and instead ordered that defendant be committed to the custody of the Sheriff during the pen-

dency of the action (CPL 530.60). This order was made during the course of the pretrial *Wade* hearing. The order revoking bail was made upon the basis of the court's finding, after a brief hearing, that the defendant and a member of his family had threatened a prosecution witness. Putting aside the question of whether this order was proper upon the basis that it was "reasonably inferable" that the defendant was guilty of tampering with a witness *(see, People ex rel. Klein v Krueger,* 25 NY2d 497, 502; *see also, People ex rel. Feldman v Warden,* 48 AD2d 789, *revd on other grounds sub nom. People ex rel. Weisenfeld v Warden,* 37 NY2d 760; *cf., People v Saulnier,* 129 Misc 2d 151) there is no proof in this record that the court was motivated by a desire to induce the defendant to plead guilty when it issued the bail revocation order *(cf., People v Modica,* 100 AD2d 559, *mod on other grounds* 64 NY2d 828). The defendant indicated at his plea allocution that he was not acting under duress. Moreover, this issue was not raised in defendant's presentence application to withdraw his plea or in any postjudgment motion to vacate the conviction. This issue is therefore not properly before us *(People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997). The issue of the adequacy of defendant's plea allocution is similarly not preserved for appellate review as a matter of law. We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.