OPINION OF THE COURT
Melvyn Tanenbaum, J.
Ordered that this CPLR article 78 proceeding by petitioner Glenn Bums, Jr. brought on by order to show cause (Kent, J.), dated June 3, 2003, seeking an order in the nature of prohibition of respondent modifying the released in own recognizance conditions ordered by respondent Judge Deborah Kooperstein which impose a curfew and require petitioner to submit to a supervised drug testing procedure as a condition of his release in his own recognizance after having been arrested and charged *964 with unlawful possession of marijuana is denominated as a proceeding pursuant to CPL 530.30 and is determined as follows:
On February 26, 2003 petitioner Burns was charged with the violation unlawful possession of marijuana in violation of Penal Law § 221.05 and was issued a desk appearance ticket. Burns appeared for arraignment on May 28, 2003 and was released on his own recognizance by respondent provided that he submit to a supervised drug test and that he report home by 10:00 p.m. each night. This petition seeks an order in the nature of prohibition claiming that the respondent Judge exceeded her authority by imposing conditions which were not relevant to the issue of bail and which violate petitioner’s due process rights.
In support of the application Burns submits a verified petition and an attorney’s affirmation and claims that the court exceeded its authority by imposing preventive detention. It is petitioner’s position that when considering whether to release a defendant charged with a criminal offense a court is obligated to impose reasonable conditions related solely to assure the accused’s appearance for subsequent court appearances. Petitioner claims that respondent was without authority to impose a curfew and to require drug testing as a condition of Burns’s release and that a writ of prohibition must be granted striking the respondent’s order.
In opposition respondents submit a verified answer and return together with an attorney’s affirmation and claim that no legal basis exists upon which to grant petitioner’s application since the court had jurisdiction and authority to impose reasonable conditions related to petitioner’s custody status. It is respondents’ position that the imposition of a curfew and drag testing are legitimate conditions of bail and are not excessive punishment in violation of petitioner’s constitutional rights.
The extraordinary remedy of prohibition lies only where there is a clear right, and only when a court, body or officer acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction. (Rush v Mordue, 68 NY2d 348 [1986]; Matter of Dondi v Jones, 40 NY2d 8 [1976].) The determination of whether prohibition is available in a particular case lies within the court’s discretion. (Town Bd. of Wallkill v Owen, 127 AD2d 589 [2d Dept 1987].) Factors to be considered in exercising this discretion include (1) the gravity of the harm caused, (2) the *965 availability or unavailability of an adequate remedy on appeal or at law or in equity, and (3) the remedial effectiveness of prohibition if such an adequate remedy does not exist (Matter of Greenwald v Scheinman, 94 AD2d 842 [3d Dept 1983]).
Criminal Procedure Law § 530.20 provides
“Order of recognizance or bail; by local criminal court when action is pending therein “When a criminal action is pending in a local criminal court, such court, upon application of a defendant, must or may order recognizance or bail as follows:
“1. When the defendant is charged, by information, simplified information, prosecutor’s information or misdemeanor complaint, with an offense or offenses of less than felony grade only, the court must order recognizance or bail.”
Criminal Procedure Law § 510.30 provides
“Application for recognizance or bail; rules of law and criteria controlling determination
“1. Determinations of applications for recognizance or bail are not in all cases discretionary but are subject to rules, prescribed in article five hundred thirty and other provisions of law relating to specific kinds of criminal actions and proceedings, providing (a) that in some circumstances such an application must as a matter of law be granted, (b) that in others it must as a matter of law be denied and the principal committed to or retained in the custody of the sheriff, and (c) that in others the granting or denial thereof is a matter of judicial discretion.
“2. To the extent that the issuance of an order of recognizance or bail and the terms thereof are matters of discretion rather than of law, an application is determined on the basis of the following factors and criteria:
“(a) With respect to any principal, the court must consider the kind and degree of control or restriction that is necessary to secure his court attendance when required. In determining that matter, the court must, on the basis of available information, consider and take into account:
“(i) The principal’s character, reputation, habits and mental condition;
*966 “(ii) His employment and financial resources; and
“(in) His family ties and the length of his residence if any in the community; and
“(iv) His criminal record if any; and
“(v) His record of previous adjudication as a juvenile delinquent, as retained pursuant to section 354.2 of the family court act, or, of pending cases where fingerprints are retained pursuant to section 306.1 of such act, or a youthful offender, if any; and
“(vi) His previous record if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and
“(vii) If he is a defendant, the weight of the evidence against him in the pending criminal action and any other factor indicating probability or improbability of conviction; or, in the case of an application for bail or recognizance pending appeal, the merit or lack of merit of the appeal; and
“(viii) If he is a defendant, the sentence which may be or has been imposed upon conviction.”
The sole objective to be considered when a New York court exercises discretion in choosing between jail and bail is the kind and degree of control or restriction that is necessary to secure the defendant’s court attendance when required. (CPL 510.30 [2] [a]; Matter of Sardino v State Commn. on Judicial Conduct, 58 NY2d 286 [1983].)
Since the petitioner was charged with a violation of law in the jurisdiction of a local criminal court, CPL 530.20 requires the court to order recognizance or bail. The court released petitioner Burns on his own recognizance. The additional imposition of a curfew and mandatory supervised drug testing under the facts in this case were conditions which were beyond the court’s discretion and had no relevance to the objective of bail to secure the defendant’s attendance for all subsequent court appearances. Under these circumstances petitioner’s application for a writ of prohibition and under CPL 530.30 striking that portion of the court’s order (Kooperstein, J.), dated May 28, 2003, which imposes a curfew and supervised drug testing must be granted. (See Rush v Mordue, supra; People ex rel. Shaw v Lombard, 95 Misc 2d 664 [Monroe County Ct 1978].)
Accordingly it is ordered and adjudged that this petition seeking an order and judgment striking portions of the order (Kooperstein, J.), dated May 28, 2003, is granted. The provi *967 sions which impose a curfew and require that petitioner Burns submit to a supervised drug testing procedure as conditions of his release in his own recognizance are vacated.