■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. GALPIN, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered June 21, 1974, convicting defendant, upon his plea of guilty, of the crime of manslaughter in the first degree. Defendant was indicted for one count of murder and one count of manslaughter in the first degree. Subsequently, he pleaded guilty to manslaughter in the first degree in full satisfaction of the indictment. Thereafter, on June 21, 1974 he was sentenced as a second felony offender, pursuant to section 70.06 of the Penal Law, to an indeterminate term of imprisonment of from 6 to 12 years. This appeal ensued, and defendant raises two issues. He contends that section 70.06 of the Penal Law is unconstitutional and that, on the basis of the totality of the circumstances, the sentence was "harsh and excessive". These contentions have no merit. As to the first, we recently upheld the constitutionality of the second felony offender law. *(People v Brown,* 46 AD2d 255.) As to the second issue, we note that, as a result of defendant's deliberate action, his wife is dead and his children are now motherless. Furthermore, defendant, under the statute, could have received a minimum sentence of 12½ years. Under all the circumstances, we should not disturb the sentence imposed by the trial court. *(People v Gemmill,* 34 AD2d 177.) Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.

## (July 24, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ROBERT DAYTER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 14, 1974, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree. Concededly, the record in the instant case does not disclose compliance with the procedure set forth in CPL 400.21 for the establishment that defendant was a second felony offender. However, it is readily apparent that such procedure was designed to establish the validity of the predicate felony. Here such validity is conceded and in no way disputed. Therefore, any error in failing to comply literally with CPL 400.21 is harmless. We find no merit in any additional issues raised by the defendant and, accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.