■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ASBURY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 29, 1976, convicting him of attempted burglary in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment with a maximum of three years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a five-year period of probation. As so modified, judgment affirmed, and cause remitted to the Criminal Term to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Under the circumstances, the sentence was excessive to the extent indicated herein. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRIS BLAIR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 19, 1976, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant-appellant's application to withdraw his plea was without merit (see *People v Francis,* 38 NY2d 150). Similarly, his claim that he was entitled to a hearing pursuant to CPL 400.21 as to his status as a second felony offender is not supported by the record. Appellant twice admitted, when pleading guilty, that he understood he would be sentenced as a second felony offender. Defense counsel informed the court that appellant had been previously convicted of manslaughter. Strict compliance with CPL 400.21 is waived when a defendant admits in open court that he has a prior felony conviction *(People v Bryant,* 47 AD2d 51). Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BROWNING, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 2, 1975, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.