■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CATES, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Coffinas, J.), imposed October 4, 1983, the sentence being an indeterminate term of imprisonment of one and one-half to three years, upon his plea of guilty to grand larceny in the third degree (Cooper, J., at plea).

Sentence affirmed.

On January 27, 1977, defendant pleaded guilty to grand larceny in the third degree in satisfaction of a 91-count indict-

ment charging him with, *inter alia,* converting and forging numerous official checks and documents of his employer, the Department of Social Services. At that time, defendant was fully made aware that the plea was accepted on the basis that he would be sentenced to two to four years' imprisonment, as a second felony offender. Defendant acknowledged that he understood that such a sentence would be imposed.

Defendant failed to appear for sentencing and a bench warrant issued. Following his arrest for an intervening crime, defendant was finally brought before Justice Coffinas for sentencing, Justice Cooper who accepted the original plea having died in the interim.

Defense counsel advised the court, after several adjournments, that defendant desired to controvert the predicate felony statement. Defendant claimed that any felonies prior to September 1, 1973 could not be utilized for predicate felony purposes and that a 1971 drug conviction, listed as a felony, was actually for a misdemeanor and that his attorney at the time had told him that it was a misdemeanor. Although first stating that it intended to impose the promised sentence and declining to adjourn the matter further, the court then imposed a sentence of one and one-half to three years' imprisonment upon the condition that defendant waive "any and all rights pertaining to this matter * * * [and] will then accept this sentence". The People strenuously objected, but the defendant affirmatively expressed his assent.

While the procedure employed at sentence was improper, it was in derogation of the People's rights (cf. CPL 220.10, subd 4; *People v Farrar,* 52 NY2d 302; *Matter of Blumberg v Lennon,* 44 AD2d 769), and defendant is not entitled to reversal. It is axiomatic that the People will be strictly held to the terms of a plea bargain and we deem it equally appropriate that a defendant fully aware of the consequences similarly be bound, absent a constitutional, statutory, or other public policy violation (*People v Fleming,* 157 Cal App 3d 238; cf. L 1984, ch 671; *People v Thompson,* 60 NY2d 513, 520; *People v Williams,* 36 NY2d 829, cert den 423 US 873).

Further, there was no impropriety in denying a hearing, which defendant requested pursuant to CPL 400.21. As in *People v Blair* (59 AD2d 767), this defendant "admitted, when pleading guilty, that he understood he would be sentenced as a second felony offender. Defense counsel informed the court that appellant had been previously convicted" of a felony. Secondly, aside from any question with respect to the challenged 1971 drug conviction, defendant had a prior Federal conviction for

forging and passing a United States Treasury check. This conviction clearly meets the criteria set forth in section 70.06 of the Penal Law for second felony offender status (see Penal Law, § 170.15; *People v Morse,* 62 NY2d 205; *People v Balfour,* 95 AD2d 812, 813).

Defendant's claim that the second felony offender statutory scheme is unconstitutional because it does not provide guidelines to insure that incarceration is both appropriate and proportionate has not been preserved for appellate review as the point was not raised before the sentencing court (CPL 470.05, subd 2; *People v Lemon,* 62 NY2d 745; *People v Drummond,* 40 NY2d 990, cert den *sub nom. New York v Luis J.,* 431 US 908; cf. *People v Fuller,* 57 NY2d 152, 156; *People v David,* 102 AD2d 551). In any event, it is meritless.

Mandatory sentencing schemes have long been held constitutional (see *People v Kepple,* 98 AD2d 783, 784; *People v Bryant,* 47 AD2d 51) and, except for capital cases, the individualized guidelines defendant seeks are not required (see *People v Zimmerman,* 36 Cal 3d 154; *Britton v Rogers,* 631 F2d 572, 579, cert den 451 US 939). The necessity for individualized sentencing in capital cases "rests squarely on the predicate that the penalty of death is qualitatively different from a sentence of imprisonment, however long * * * Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case" (*Woodson v North Carolina,* 428 US 280, 305 [plurality opn]; see, also, *Rummel v Estelle,* 445 US 263, 272). In other cases, the "prevailing practice" of individualizing the sentencing process "reflects simply enlightened policy rather than a constitutional imperative" (*Woodson v North Carolina, supra,* p 304).

Finally, we perceive no basis for concluding that the bargained sentence warrants appellate modification in the interest of justice (*People v Suitte,* 90 AD2d 80). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.