■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEMESIO VASQUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered April 7, 1983, convicting him of burglary in the first degree and sexual abuse in the first degree, upon a jury verdict, and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of 4½ to 9 years and 2 to 4 years, respectively.

Judgment affirmed.

Defendant was sentenced as a second felony offender, pursuant to section 70.06 of the Penal Law. On appeal he does not controvert the prior felony conviction. His claim that the sentence was excessive ignores the fact that the sentence imposed for each offense was the minimum sentence authorized by section 70.06 of the Penal Law. We find no merit in defendant's assertion that to the extent that section 70.06 mandates a minimum term of imprisonment for a second felony offender, that statute precludes a sentencing court from considering mitigating factors to insure that the punishment is appropriate for the individual and proportionate to the offense, and therefore violates the provisions of the Federal and New York State Constitutions prohibiting cruel and unusual punishment. Defendant's reliance on Supreme Court cases declaring statutes which mandate the death penalty unconstitutional, is misplaced. "[T]he penalty of death is qualitatively different from a sentence of imprisonment, however long" (*Woodson v North Carolina*, 428 US 280, 305; *Runnel v Estelle*, 445 US 263, 272). Individualized sentencing based on a consideration of the character and record of the accused is indispensable where the penalty of death may be imposed, but is not a constitutional imperative in noncapital cases (*Woodson v North Carolina*, supra, p 304; *People v Cates*, 104 AD2d 895; see *People v Broadie*, 45 AD2d 649, 652, affd 37 NY2d 100, 117, cert den 423 US 950). In

*People v Bryant* (47 AD2d 51, 61-62) we rejected the contention that the mandatory minimum sentencing provisions of section 70.06 of the Penal Law proscribes such inflexibility in sentencing as to constitute cruel and unusual punishment within the meaning of the Eighth Amendment of the Federal Constitution (see, also, *People v Galpin,* 49 AD2d 654; *People v Brown,* 46 AD2d 255). The reasoning in *Bryant* is equally applicable to a challenge under the parallel provision of section 5 of article I of the Constitution of the State of New York.

We have examined the other arguments raised by defendant and find them to be without merit. Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.