◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRISQUELLO, Also Known as JOSE CARRISQUILLO, Also Known as JOSE RODRIGUEZ, Appellant. — Appeals by the defendant from two judgments of the Supreme Court, Kings County (Tomei, J.), both rendered October 31, 1983, convicting him of two counts of criminal sale of a controlled substance in the third degree, upon his pleas of guilty, and sentencing him to concurrent indeterminate terms of imprisonment of 4½ years to 9 years.

Judgments affirmed.

On these appeals, the defendant contends that his pleas of guilty should be vacated because he was not advised at the taking of the pleas of his "rights to testify in his own behalf and have the People prove his guilt beyond a reasonable doubt to a unanimous jury". Having failed either to move to withdraw his plea on this ground prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved, for appellate review the plea allocution's sufficiency (see CPL 470.05, subd 2; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the allocution satisfied the requirements of *People v Harris* (61 NY2d 9).

With regard to the defendant's contention that the second felony offender statute (see Penal Law, § 70.06) is unconstitutional, we note that this issue, too, has not been preserved for our review (see *People v Cates,* 104 AD2d 895). In any event, this identical issue has previously been rejected (see *People v Thompson,* 105 AD2d 762; *People v Rembert,* 105 AD2d 717; *People v Vasquez,* 104 AD2d 1012; *People v Cates, supra*), and no reason to depart from these rulings has been proffered to us by the defendant. Similarly any claim that the sentence imposed is disproportionate to the crimes for which the defendant stands convicted must be rejected under the circumstances presented herein (see *United States v Ortiz,* 742 F2d 712).

Finally, there is no merit to the defendant's claim that his sentence was harsh and excessive. The defendant received the

bargained-for sentence (see *People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816), which was the minimum allowed by law (Penal Law, § 70.06, subd 3, par [b]; subd 4, par [b]). Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.