■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY DE SANTIS, Appellant. — Appeals by the defendant from two judgments of the Supreme Court, Kings County (Coffinas, J.), both rendered November 23, 1983, convicting him of attempted robbery in the first degree (two counts), upon his pleas of guilty, and sentencing him as a persistent violent felony offender to concurrent indeterminate terms of imprisonment of eight years to life on each count, said sentences to run concurrently with a sentence previously imposed in New York County.

Judgments affirmed.

On these appeals, the defendant contends that his pleas of guilty should be vacated because he was not advised at the taking of the pleas that "he could testify in his own behalf". Having failed either to move to withdraw his pleas on this ground prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the plea allocution's sufficiency (*see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Ortiz,* 105 AD2d 809; *People v Carrisquello,* 106 AD2d 513). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the allocution satisfied the requirements of *People v Harris* (61 NY2d 9).

With regard to the defendant's contention that the persistent violent felony offender statute (*see,* Penal Law § 70.08) is unconstitutional, we note that this issue, too, has not been preserved for our review (*see, People v Oliver,* 63 NY2d 973; *People v Cates,* 104 AD2d 895). In any event, identical arguments have been made in connection with the second felony offender statute and rejected by this court (*People v Carrisquello, supra; People v Thompson,* 105 AD2d 762; *People v Rembert,* 105 AD2d 717; *People v Vasquez,* 104 AD2d 1012; *People v Cates, supra*). We conclude that the reasoning of these cases is equally applicable to the persistent violent felony offender statute, and no reason to depart from them has been proffered to us by the defendant.

Similarly, any claim that the sentences imposed are disproportionate to the crimes for which the defendant stands convicted must be rejected under the circumstances presented herein (*see, United States v Ortiz,* 742 F2d 712).

Finally, there is no merit to the defendant's claim that the sentences are unduly harsh and excessive, and should therefore be modified. The sentences were imposed in accordance with the defendant's negotiated plea (*see, People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816), and were the minimum allowable under the law (*see,* Penal Law § 70.08 [2], [3] [b]). Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.