The People of the State of New York, Respondent, v Michael Baynard, Appellant.

On these appeals, defendant contends that his pleas of guilty should be vacated because he was not advised at the taking of the pleas that he had a "right to cross-examine the People's witnesses". Having failed either to move to withdraw his pleas on this ground prior to the imposition of sentence or to vacate the judgments pursuant to CPL 440.10, defendant has not preserved for appellate review the sufficiency of the plea allocutions (*see,* CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v De Santis,* 108 AD2d 821). Moreover, were we to review this issue in the interest of justice, vacatur would not be required since the allocutions satisfied the requirements of *People v Harris* (61 NY2d 9).

With regard to defendant's contention that the second felony offender sentencing statute is unconstitutional (*see,* Penal Law § 70.06), this issue, too, has not been preserved for our review (*see, People v Lemon,* 62 NY2d 745; *People v Cates,* 104 AD2d 895). In any event, identical arguments have been made to this court and have been rejected (*see, People v Carrisquello,* 106 AD2d 513; *People v Thompson,* 105 AD2d 763).

Finally, there is no merit to defendant's claim that the sentences imposed are unduly harsh and excessive. The sentences were lawful and appropriate and, accordingly, will not be disturbed (*see, People v Buckhannon,* 108 AD2d 818; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.