THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG ELLERBE, Appellant.

Inasmuch as the defendant failed to raise any objections to the sufficiency of the plea allocution or to the constitutionality of Penal Law § 70.06 in the court of first instance, he has failed to preserve these issues for appellate review as a matter of law (*People v Pellegrino,* 60 NY2d 636; *People v Rembert,* 105 AD2d 717; *People v Cates,* 104 AD2d 895). Nor is reversal warranted in the interest of justice. There is "no requirement for a 'uniform mandatory catechism of pleading defendants'" (*People v Harris,* 61 NY2d 9, 16, quoting from *People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067), and the record reveals that defendant's plea was knowingly, intelligently and voluntarily made. Moreover, mandatory sentencing schemes have repeatedly been held constitutional (*see, e.g., People v Morse,* 62 NY2d 205; *People v Johnson,* 104 AD2d 1050; *People v Vasquez,* 104 AD2d 1012; *People v Cates, supra*). Finally, we perceive no basis for concluding that the bargained-for

sentence warrants reduction in the interest of justice (*People v Cates, supra; People v Kazepis,* 101 AD2d 816). Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.