■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON LINDO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 14, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant seeks reversal of his conviction for robbery in the first degree on the ground that the People improperly failed to make available the arresting officer's memo book. The trial record clearly establishes that defendant sought to discover the officer's written notes of complainant's original description of defendant. Once it was shown that the complainant's original description was not contained in the memo book, but was contained in a scratch complaint report, and the defense received the complaint report, which did contain the subject description, the request was abandoned by defense counsel. In fact, the memo book contained no statements by the complainant. Although generally an officer's memo book is discoverable, under these circumstances the People's failure to produce the arresting officer's memo book at the trial does not constitute error (*see,* CPL 240.45; *People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; *People v Payne,* 52 NY2d 743; *cf. People v Perez,* 65 NY2d 154). Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NICHOLS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered March 23, 1984, convicting him of criminal sale of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's contention, the charge adequately explained the correct rules which the jury was to apply in arriving at its verdict. The sentence imposed was not excessive. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE O'CONNELL, Appellant.—Judgment of the County Court, Suffolk County (Vaughn, J.), rendered January 16, 1984, affirmed. (*See,* CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Ellerbe,* 110 AD2d 711.) Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.