■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GRASSIA, Appellant.—Appeals by defendant (1) from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered January 8, 1980, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated January 13, 1983, which denied his motion to vacate the judgment under CPL 440.10 (1) (h).

Judgment and order affirmed.

Defendant argues that the judgment of conviction must be vacated under CPL 440.10 (1) (h) on the ground that he was denied effective assistance of counsel at the time of his plea. We find that the court did not abuse its discretion in denying defendant's motion to vacate the judgment of conviction.

Defendant was indicted for six counts of murder in the second degree as a result of his participation in the firebombing of a subway station token booth in which two female token clerks were killed. Both defendant and a codefendant made inculpatory statements to the police.

On November 5, 1979, defendant pleaded guilty to one count of murder in the second degree in full satisfaction of the indictment, with the understanding that the sentence would be 15 years to life. At the time of the plea, defendant testified that no other promises had been made to him as an inducement to his plea.

On January 8, 1980, the court imposed the promised sentence of 15 years to life. Defendant made no statement and raised no objection to the sentence.

Two years later, in May 1982, defendant brought the instant motion, *pro se,* to vacate the judgment of conviction on the ground, *inter alia,* that he had been denied effective assistance of counsel at the time of his plea, alleging that the plea had been induced by the fraud and misrepresentations of his assigned attorney, and that said attorney had so pressured him to accept the plea that his will was overborne.

In denying the motion, the same court which accepted the plea and sentenced defendant found that his attorney had been able and competent, and further pointed out that defendant had received the minimum possible sentence. The order was a proper exercise of discretion and should be affirmed.

Defendant's claim of ineffective assistance of counsel is based in part upon a number of misrepresentations allegedly made to him by counsel in order to induce his plea. For example, defendant alleges that counsel promised him that if he accepted the plea, he would be able to participate in a work-release program after serving only five years of his 15-year sentence, a promise that defendant later discovered was false *(see,* Correction Law § 851 [2]). However, defendant's allegations of this alleged promise are flatly contradicted by his own testimony at the plea, at which time he stated that no promises had been made to him other than that his sentence was to be a prison term of 15 years to life.

Neither do we find that there is any merit to defendant's argument that his plea was not voluntary, and that his will was overborne by pressure exerted by his attorney. Defendant's affidavit and those of his family and friends all agree that he was very adamant in his insistence upon a trial. We find it incredible that the strong feelings described could be so easily overwhelmed by his attorney's recommendation that he accept the offered plea to the minimum sentence for one count of second degree murder. Defendant argues that, on the day the plea was taken, his attorney informed him that because his codefendant had decided to plead guilty, defendant's fam-

ily no longer supported·his desire for a trial. Faced with this lack of support, defendant claims that he agreed to plead guilty, but that his attorney's representation was false, and that his family was shocked to hear him plead guilty. We note, however, that in the intervening months between the plea and the sentence, no attempt was made by defendant or his family to withdraw the plea or dismiss the attorney because of his alleged duplicity. Further, defendant's own affidavit indicates that his motivation for accepting the plea was the mistaken representation as to the work-release program, and not any pressure allegedly applied by the attorney, nor any purported misrepresentation of his family's support.

Finally, defendant's objection to the sufficiency of the plea allocution which provided the substantive basis for his plea of guilty is not preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997). Were we to review this issue in the interest of justice, vacatur of the plea would not be required because the allocution was sufficient *(see, People v Harris,* 61 NY2d 9; *People v Carrisquello,* 106 AD2d 513). O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.