*171 OPINION OF THE COURT
John P. Callanan, Sr., J.
Defendant appeals from that part of a sentence imposed upon him by the Town Court of the Town of Dix on April 9, 1986 on his conviction of driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [3]) as sentenced him to pay a fine of $2,000. It appears from the return of Justice Walter W. Dunbar that defendant was originally charged on a felony complaint as a second offender and that after a preplea investigation and pursuant to a plea bargain, defendant pleaded guilty to driving while intoxicated as a misdemeanor. The sentence, which was agreed upon in advance by the District Attorney, the defendant, the defendant’s attorney and the court, consisted of a $2,000 fine, $10 surcharge, three years’ probation, license revocation and two months’ intermittent imprisonment.
This appeal presents two issues: (1) May the defendant appeal from part of a sentence which he has agreed to as part of a plea bargain? (2) Is a fine of $2,000 on a second misdemeanor conviction of driving while intoxicated unauthorized and therefore invalid as a matter of law (CPL 450.30 [1])?
The defendant did not lose his right to appeal by pleading guilty pursuant to a plea bargain. (People v Thompson, 60 NY2d 513 [1983].) Neither was there an express waiver of defendant’s right to appeal. (Compare, People v Davison, 108 AD2d 821 [2d Dept 1985].)
In People v Thompson (supra), the majority decision established the principle that a defendant may appeal from a portion of a sentence that came about from a plea-bargained conviction on a plea of guilty, even though the sentence conforms with the plea bargain. They further held that the Appellate Division reduce the agreed upon sentence as being excessive and not remit the case back to the trial court, where the People would have an opportunity to withdraw their consent to the plea bargain.
The Legislature may have been addressing the particular fact pattern that developed in the Thompson case (supra) when they amended CPL 450.10 (1) in 1984 to prohibit an appeal from an agreed upon sentence on the ground that it was harsh or excessive. The instant appeal is not on that ground but on the ground that part of the sentence is invalid as a matter of law. The 1984 legislation only affects the Thompson decision as it relates to harsh or excessive sen *172 tences and not as it relates to appeals from plea-bargained sentences or appeals or parts of sentences only.
Addressing the second question presented on this appeal, this court is compelled to find that the $2,000 portion of the sentence was unauthorized, illegal and invalid as a matter of law. (CPL 470.15 [4] [c].)
Vehicle and Traffic Law § 1192 (5) provides that a violation of subdivision (3) (driving while intoxicated) shall be a misdemeanor punishable by imprisonment for not more than one year and by a fine of not less than $350 nor more than $500, or both. It further provides that a person who violates subdivision (3) after having been convicted of the same or a similar offense within the preceding 10 years shall be guilty of a felony and shall be punished by a fine of "not less than five hundred dollars and such other penalties as are provided in the penal law.”
The Penal Law authorizes fines up to $5,000 for a felony (Penal Law § 80.00 [1] [a]). For an unclassified misdemeanor, however, the amount is to be fixed "in accordance with the provisions of the law or ordinance that defines the crime” (Penal Law § 80.05 [3]).
The District Attorney argues that Vehicle and Traffic Law § 1192 (5) authorizes increased punishment on a second conviction, even when defendant is not convicted of a felony. Even if we accept that reasoning, however, there is no authorization either in Vehicle and Traffic Law § 1192 (5) or in the applicable section of the Penal Law for a fine greater than $500.
It appears that the Town Court has imposed a fine within the limits authorized by the Penal Law for a felony (Penal Law § 80.00 [1] [a]). However, defendant has not been convicted of a felony and could not be in Town Court, which has only preliminary jurisdiction of felonies pursuant to CPL 10.30. Trial jurisdiction of felonies, which includes the authority to impose felony sentences, has been vested exclusively in the superior courts by CPL 10.20 (1) (a).
This court, therefore, concludes that the maximum fine authorized for a misdemeanor conviction of driving while intoxicated is $500. If the Legislature intends to authorize increased fines for subsequent misdemeanor convictions of driving while intoxicated, as it has for subsequent convictions of driving while ability impaired in Vehicle and Traffic Law § 1192 (1), the law will need to be amended to make this clear.
*173 DECISION AND ORDER
It is the decision and order of this court that the sentence in the above matter will be modified reducing the fine to the sum of $500; and it is the further decision and order of this court that the judgment of conviction and sentence, as modified, of the lower court are affirmed.