■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 4, 1983, convicting him of attempted burglary in the first degree, upon his plea of guilty, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 4 to 8 years.

Ordered that the judgment is affirmed.

The defendant challenges his 1974 conviction which served as a predicate for his adjudication as a second felony offender, claiming that he was entitled to an adjudication of his youthful offender status. The defense counsel affirmatively asserted at sentencing on the instant conviction that neither the defendant nor his counsel requested youthful offender treatment upon his sentencing in the 1974 case. The granting of youthful offender treatment is discretionary *(see, People v Williams,* 124 AD2d 615, *lv denied* 69 NY2d 751; *People v Selg,* 110 AD2d 918). Thus, by virtue of his failure to assert such a claim at the time of sentencing on the 1974 conviction, the issue was waived *(see, e.g., People v McGowen,* 42 NY2d 905, *rearg denied* 42 NY2d 1015; *People v Di Marcantonio,* 117 AD2d 612, 613, *lv denied* 67 NY2d 882; *People v Busuttil,* 115 AD2d 655). In any event, the defendant should have sought review of the issue by means of a direct appeal *(see, People v Ferguson,* 119 AD2d 338, 343-344, *lv denied* 69 NY2d 711).

The defendant also challenges, for the first time on appeal, the constitutionality of his 1974 conviction, and also of his 1976 conviction which was cited in the People's predicate felony statement. Having failed to demonstrate good cause for failing to controvert the constitutionality of the 1974 conviction upon his sentencing in 1976, the defendant has waived any allegation of the unconstitutionality thereof *(see,* CPL 400.21; *People v Oliver,* 63 NY2d 973; *People v Mumit,* 106 AD2d 411, 412). Furthermore, because the defendant did not seek review of his adjudication as a second felony offender in

1976 by direct appeal or appropriate postjudgment motion, he must be deemed to have waived that issue *(see,* CPL 400.21; *People v Loughlin,* 66 NY2d 633, 635-636; *People v Morcilio,* 91 AD2d 1074).

Lastly, the defendant's claim that his adjudication as a second felony offender violates the prohibition against ex post facto laws contained in US Constitution, article I, § 10 has also not been preserved for appellate review as the issue was not raised before the sentencing court *(see,* CPL 470.05; *People v Lemon,* 62 NY2d 745; *People v Baynard,* 110 AD2d 650). We perceive no reason to reach the claim in the exercise of our interest of justice jurisdiction *(see, People v Morse,* 62 NY2d 205, 216-218; *People v Baynard, supra).*

The defendant's remaining contention is not preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636) and we perceive no reason to reach it in the interest of justice. Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.