■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR DiMARCO, Appellant.—Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Nassau County (Orenstein, J.), both imposed March 1, 1988, upon his convictions of burglary in the second degree under indictment No. 67369, and attempted criminal sale of a controlled substance in the third degree under indictment No. 67370, upon his pleas of guilty, the sentences being two indeterminate terms of 5 to 10 years' imprisonment, as a second felony offender and restitution of $170, and from an amended sentence of the same court, also imposed March 1, 1988, revoking a sentence of probation previously imposed by the same court (Lawrence, J.), upon a finding that he had violated a condition thereof, upon his admission, the amended sentence being an indeterminate term of 2⅓ to 7 years' imprisonment.

Ordered that the sentences and the amended sentence are affirmed.

The record does not support a finding that the sentences and the amended sentence imposed constitute cruel and unusual punishment in violation of constitutional proscriptions (NY Const, art I, § 5; US Const 8th Amend; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). The sentences imposed were well within the range of authorized sentences for the crimes to which the defendant pleaded guilty and were the terms for which the defendant freely bargained. Thus, they did not constitute cruel and unusual punishment for these crimes or for this defendant *(see, People v Jones,* 39 NY2d 694; *People v Vasquez,* 104 AD2d 1012). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.