■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JENKINS, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered August 12, 1986, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and sentencing him to an indeterminate prison term of 1 to 3 years, to run consecutively to an indeterminate term of 1 to 3 years which he was then serving for an unrelated conviction, unanimously affirmed.

Defendant's conviction was based on the testimony of a police officer who observed the transaction while stationed on the roof of a building and using high-powered binoculars. The officer observed the defendant take money from a buyer, deliver the money to a man, later identified as Jose Menendez, receive a tin-foil packet and then give the packet to the buyer.

Defendant argues that his identification was not proven beyond a reasonable doubt due to inconsistencies in the officer's testimony as to his distance from defendant and as to whether the officer mentioned the defendant's name as part of the description of the defendant given to the backup team. Defendant further attacks the credibility of the officer on the grounds that defendant did not flee when the buyer was apprehended and that no drugs were found in defendant's possession.

"It is well established that it is the function of the jury to evaluate the credibility of witnesses." (People v Lozado, 157 AD2d 630, 631 [1st Dept 1990], citing People v Parks, 41 NY2d 36, 47.) "Great deference is accorded to the fact-finder's oppor-

tunity to view the witnesses, hear the testimony and observe demeanor." *(People v Bleakley,* 69 NY2d 490, 495 [1987].)

Moreover, the evidence, viewed in a light most favorable to the People *(People v Contes,* 60 NY2d 620 [1983]), reveals that the crime occurred at 4 o'clock in the afternoon on a clear day, the officer's view of the defendant was unobstructed, and the officer was acquainted with the defendant prior to the crime. Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.