■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LINDSEY, Appellant.

Despite defendant's claims to the contrary, the evidence supports County Court's conclusion that defendant's judgment of conviction was not procured by duress or coercion, nor was it in violation of his constitutional right to effective assistance of counsel. Defendant contends that although he informed his attorney that he wanted to go to trial, he felt compelled to enter a guilty plea when his attorney informed him that he would lose at trial and that it was too late to get another attorney to represent him. The transcript of the plea allocution indicates, however, that he understood fully the consequences of his plea and that he was neither threatened nor coerced into entering it. Defendant also specifically stated that he had consulted with his attorney regarding all issues in the case and he was satisfied with his attorney's representation. Because the foregoing is inconsistent with defendant's claims, County Court's denial of his motion to vacate the judgment of conviction should be affirmed (see, People v Grassia, 114 AD2d 1039, lv denied 67 NY2d 651; see also, People v Glasper, 151 AD2d 692, 693).

Weiss, Acting P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed.