■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIRK BOBBITT, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered February 28, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him as a second felony offender, to a term of imprisonment of 6 to 12 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, we find it legally sufficient to establish defendant's guilt beyond a reasonable doubt (People v Contes, 60 NY2d 620, 621), there being evidence from which a jury could reasonably conclude that defendant's conduct constituted more than a mere presence (People v Smith, 179 AD2d 355). An undercover officer, well-versed in "street level buy-and-bust" transactions and in close proximity to defendant, observed him pass distinctively colored vials to co-defendant

who, as seller, consummated a transaction with a third person. The officer in turn, now as a purchaser, took part in the same type of transaction. Although defendant was silent throughout the transaction between co-defendant and the undercover officer, the jury could reasonably conclude that defendant's conduct demonstrated an interest in promoting the transaction *(People v Tention,* 162 AD2d 355, *lv denied* 76 NY2d 991; *see also, People v Armstrong,* 160 AD2d 206), and amounted to more than mere facilitation. That neither the pre-recorded buy money nor any drugs were later found on defendant does not negate his accessorial liability *(People v Serra,* 104 AD2d 66; *People v Smith, supra).* Nor was the sentence imposed, which was slightly more than the minimum term of 4½ to 9 years, and considerably less than the maximum term of 12½ to 25 years that could have been imposed, unduly harsh, particularly in view of the fact that defendant had been most recently released from prison for a prior drug conviction and was still on parole. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.