■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PADILLA, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 10, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The evidence was not insufficient (People v Contes, 60 NY2d 620, 621), and the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495). The credibility of the testimony of the undercover officer and the accuracy of his identification of defendant were for the jury to resolve (People v Jenkins, 164 AD2d 770, 770-771, lv denied 76 NY2d 894). The officer's one minute encounter with defendant provided an adequate opportunity to observe defendant's appearance (cf., People v Mosley, 112 AD2d 812, affd 67 NY2d 985), and his reliability was assured by the drive-by identification minutes later (see, People v Roberts, 79 NY2d 964, 966). The failure to recover the prerecorded buy money is not dispositive

*(People v Bobbitt,* 180 AD2d 489, *lv denied* 79 NY2d 1046). The issues raised concerning the prosecutor's summation are not preserved *(People v Wright,* 172 AD2d 293, 294, *lv denied* 77 NY2d 1003), and in any event, the remarks were an appropriate response to the defense attack on the credibility of the police witnesses *(see, People v Rodriguez,* 159 AD2d 356, 357, *lv denied* 76 NY2d 795) and fair comment on the evidence. Defendant's challenge to his sentence is not preserved *(People v Ingram,* 67 NY2d 897, 899; *People v Harris,* 110 AD2d 660), and in any event, his constitutional arguments have been repeatedly rejected *(see, e.g., People v Vasquez,* 104 AD2d 1012; *People v DiMarco,* 149 AD2d 612; *People v Pacheco,* 73 AD2d 370, *affd on other grounds* 53 NY2d 663), and recent constitutional jurisprudence does not suggest that departure from these holdings is warranted *(see, e.g., Parke v Raley,* — US —, 121 L Ed 2d 391, 402; *Harmelin v Michigan,* 501 US —, —, 111 S Ct 2680, 2701-2702). Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.