■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VILLANUEVA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAM RIOLLANO, Appellant. [597 NYS2d 54] —Judgments, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered June 10, 1991, convicting defendants, after jury trial, of one count of criminal sale of a controlled substance in the third degree and sentencing each, as a predicate felon, to an indeterminate term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), the evidence was legally sufficient since an encounter during a buy and bust operation which lasts only a few minutes provides an ade-

quate opportunity to observe the defendant's appearance, especially where the officer's reliability is assured by a drive-by identification minutes after the sale *(see, People v Padilla,* 190 AD2d 639). Nor was the verdict against the weight of the credible evidence *(People v Bleakley,* 69 NY2d 490, 495). The credibility of the testimony of the undercover officer and the accuracy of his identification were for the jury to resolve *(People v Jenkins,* 164 AD2d 770, *lv denied* 76 NY2d 894), and the failure to recover the prerecorded buy money is not dispositive *(People v Bobbitt,* 180 AD2d 489, *lv denied* 79 NY2d 1046).

Nor were the defendants entitled to a *Wade* hearing since the drive-by identification was only confirmatory *(see, People v Wharton,* 74 NY2d 921).

Finally, none of the claims concerning the trial court's conduct or charge and the prosecutor's summation was preserved for review by appropriate objection at trial (CPL 470.05), and we decline to reach them in the interest of justice. Were we to reach them, we would find that defendants were afforded a fair trial. Concur—Milonas, J. P., Rosenberger, Ellerin and Kupferman, JJ.