■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STEPHENS, Appellant. [598 NYS2d 410] —Judgment unanimously affirmed. Memorandum: Defendant, as part of a plea agreement, made a voluntary, knowing and intelligent waiver of his right to appeal (see, People v Moissett, 76 NY2d 909; People v Seaberg, 74 NY2d 1). Defendant's waiver of the right to appeal is ineffective, however, to the extent that it impairs defendant's right to review of his claim that he was illegally sentenced as a second felony offender (see, People v Callahan, 80 NY2d 273, 280). The court did not err in summarily denying defendant's request for an adjournment to obtain information to controvert the allegations of the predicate felony statement. When, as here, a defendant admits in open court that he has a prior felony conviction, strict compliance with CPL 400.21 is waived (People v Cates, 104 AD2d 895, 896; People v Blair, 59 AD2d 767). Thus, there was no impropriety in denying defendant a hearing pursuant to CPL 400.21.

There is no merit to defendant's contention that his sentence was unduly harsh and excessive. The sentencing court noted defendant's lengthy prior criminal record before sentencing him in accordance with the plea agreement. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.— Attempted Burglary, 3rd Degree.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.