**William CUADRADO, Petitioner,**

v.

**James STINSON, Superintendent, Great Meadow Correctional Facility, Respondent.**

**No. 97 Civ. 3306(SS).**

United States District Court, S.D. New York.

Feb. 5, 1998.

---

William Cuadrado, Comstock, NY, pro se.

**MEMORANDUM OPINION AND ORDER**

SOTOMAYOR, District Judge.

William Cuadrado petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Cuadrado is currently incarcerated at Great Meadow Correctional Facility, serving consecutive sentences of 8 to 24 years for Attempted Murder in the Second Degree (N.Y. Penal Law §§ 125.25, 110.00), 2 to 6 years for Criminal Possession of Weapon in the Third Degree (N.Y. Penal Law § 265.02), and 4 to 12 years for Assault in the First Degree (N.Y. Penal Law § 120.10). All three sentences were entered by the Supreme Court of New York County (Rothwax, J.) after acceptance of guilty pleas on all counts. In this habeas petition, Cuadrado asserts that the imposition of the assault sentence to run consecutively to the other two sentences was excessive in violation of the Punishments Clause of the Eighth Amendment to the United States Constitution (as applied to the states through the Fourteenth Amendment) and also that the severity of the sentence vis-a-vis his co-defendants violates the Fourteenth Amendment's Equal Protection Clause.

Cuadrado was sentenced by the Supreme Court on July 22, 1992. He appealed his sentence to the Appellate Division, First Department, on the ground that it was "unduly harsh and severe." *See* N.Y.Crim. Proc. Law § 470.15(2)(c). On October 11, 1994, the Appellate Division affirmed the judgment, *see People v. Cuadrado,* 208 A.D.2d 1181, 617 N.Y.S.2d 614 (1st Dep't 1994), and on November 14, 1994, the Court of Appeals denied leave to appeal. *See People v. Cuadrado,* 84 N.Y.2d 934, 621 N.Y.S.2d 531, 645 N.E.2d 1231 (1994). The instant petition for a writ of habeas corpus is dated April 23, 1997.

■ The petition is dismissed for raising unexhausted claims. A petitioner in state custody seeking a writ of habeas corpus from a federal court must first exhaust all the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). This requires petitioner to "fairly present" his state claim to the highest state court. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 124 (2d Cir.1995). A petitioner may "fairly present" his claim in many ways: by "mak[ing] an explicit constitutional argument," by "relying on federal and state cases that employ a constitutional analysis," by "asserting the claim in terms that 'call to mind a specific right protected by the Constitution,'" or by "alleging facts that fall 'well within the mainstream of constitutional litigation.'" *Levine,* 44 F.3d at 124 (quoting *Daye v. Attorney General of the State of New York,* 696 F.2d 186, 194 (2d Cir.1982) (en banc)).

Petitioner did none of these things on direct appeal. In his brief to the Appellate Division (attached as an exhibit to the instant federal petition), Cuadrado relied solely on the statutory grant of discretion to the appellate courts to modify an unduly harsh sentence. This grant of authority is in no way limited to correcting constitutional errors, or even only errors of law. *See* N.Y.Crim. Proc. Law § 470.15(2)(c); *People v. Thompson,* 60 N.Y.2d 513, 519, 470 N.Y.S.2d 551, 554, 458 N.E.2d 1228 (1983) (Appellate Division's "power to act in the interests of justice . . . is not confined to correcting errors of law"). The cases cited by Cuadrado in his brief do not raise constitutional issues; they are all interpretations of this statutory discretion. His brief confined itself to arguing mitigating circumstances and penological considerations that do not necessarily "call to mind" the Eighth Amendment and, given that there is absolutely no mention of the sentences given his co-defendants, could not possibly be thought to raise an Equal Protection claim.

Finally, Cuadrado appears to still have state collateral procedures available in which he can press his constitutional claims. N.Y.Crim. Proc. Law § 440.20 allows a defendant, "at any time after the entry of a judgment," to move the sentencing court to set aside his sentence "upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." Moreover, unlike its counterpart for vacating a conviction, *see* N.Y.Crim. Proc. Law. § 440.10(2)(c), a motion to set aside a sentence under § 440.20 may not be denied on the basis that the asserted ground could have been raised on appeal but was not. *See* Peter Preiser, Practice Commentaries to N.Y.Crim. Proc. Law § 440.10 (McKinney's 1994); *see also Levine,* 44 F.3d at 125–26 (constitutional challenge to sentence unexhausted where only statutory claim presented to New York courts; § 440.20 motion presumed available). Therefore, this Court must deem the petition unexhausted. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Although 28 U.S.C. § 2254(b)(2), as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132 (Apr. 24, 1996), now gives this Court the discretion to deny (but not grant) unexhausted petitions on the merits, this Court declines to exercise that discretion in this case. Perhaps such discretion would be appropriate where a petition was "patently frivolous," *see Rodriguez v. Miller,* No. 96 Civ. 4723, 1997 U.S. Dist. Lexis 14742, at *8, 1997 WL 599388, at *3 (S.D.N.Y. Sept. 29, 1997), but this is not such a case. The Court believes that it is still the best policy to "allow[] the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (quoting *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981)).

Because petitioner has failed to exhaust his available state remedies, the petition for a writ of habeas corpus is denied without prej-

udice on this ground.[1]

**SO ORDERED.**

---

**1.** The Court does not address at this time whether a subsequent petition filed after exhausting state collateral remedies would be timely under the AEDPA.