■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. FORSHEY, Appellant. [741 NYS2d 486] —Appeal from a judgment of Orleans County Court (Punch, J.), entered June 23, 2000, convicting defendant upon his plea of guilty of rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]) and sentenced to the bargained-for sentence of a 20-year determinate term of incarceration. On appeal, defendant contends that County Court erred in denying the motion of assigned counsel to be relieved of his representation of defendant and to have substitute counsel appointed, without first conducting an inquiry to determine the merits of the motion. After the court denied the motion, defendant waived his right to appeal as part of his guilty plea, and we conclude that the waiver of the right to appeal encompasses defendant's present contention (*see People v Kemp,* 94 NY2d 831, 833). In any event, defendant's contention is without merit. In his affidavit in support of the motion, defendant's assigned counsel indicated that he and defendant had no trouble communicating with one another but had a fundamental difference of opinion concerning trial strategy. Counsel declined to elaborate upon the nature of the difference. We agree with the People that the motion was based upon conclusory assertions that were not sufficient to trigger the court's duty of inquiry (*see People v Benson,* 265 AD2d 814, 814-815, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076). Additionally, before denying the motion, the court afforded defendant an opportunity to be heard on the motion, and defendant indicated that he had no comment.

The court did not abuse its discretion in denying the pro se motion of defendant to withdraw his guilty plea. The assertions of defendant that he was coerced into entering the plea by his assigned counsel are belied by the statements made by defendant under oath during the plea colloquy (*see People v Rickard,* 262 AD2d 1073, *lv denied* 94 NY2d 828; *People v Witcher,* 222 AD2d 1016, *lv denied* 87 NY2d 1027). Defendant was not denied effective assistance of counsel on his motion to withdraw his guilty plea. The court decided the motion before defendant's assigned counsel made a statement contradicting

defendant's factual allegations concerning coercion of the guilty plea (*see People v Cooper,* 258 AD2d 891, *lv denied* 93 NY2d 968; *People v Zirpola,* 237 AD2d 967, 967-968, *lv denied* 90 NY2d 899; *People v Maragh,* 208 AD2d 563, *lv denied* 84 NY2d 1013). The waiver by defendant of the right to appeal encompasses his final contention that the sentence is unduly harsh and severe (*see People v Hidalgo,* 91 NY2d 733, 737). Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.