■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY TOWNS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered September 28, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of 10 to 20 years.

Judgment affirmed.

Defendant's claims regarding the sufficiency of the plea allocution are unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). In any event, reversal is not warranted in the interest of justice because the record of the allocution establishes that defendant knowingly and voluntarily pleaded guilty (*see, People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067).

We also find no merit to defendant's contention that the second violent felony offender statute (Penal Law § 70.04) is unconstitutional because it requires the imposition of mandatory incarceration without regard to mitigating factors (*People v Vasquez,* 104 AD2d 1012; *see also, People v Cates,* 104 AD2d 895; *People v Kepple,* 98 AD2d 783; *People v Bryant,* 47 AD2d 51). Moreover, the fact that a felony may serve as a valid predicate for a second violent felony offender adjudication, even though the predicate crime was not designated as a "violent felony offense" when committed, does not violate the prohibition against ex post facto laws in US Constitution, article 1, § 10 (1) (*People v Morse,* 62 NY2d 205, 216-218).

Finally, we perceive no basis for concluding that the sentence imposed, which was the product of a negotiated plea, warrants modification in the interest of justice (*People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.