■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY SELLERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered August 8, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing defendant's sentence from an indeterminate term of imprisonment of 10

to 25 years to an indeterminate term of imprisonment of 8⅓ to 25 years upon his conviction of manslaughter in the first degree. As so modified, judgment affirmed.

The People disproved defendant's claim of justification beyond a reasonable doubt. We also find that the trial court's refusal to permit defense counsel to cross-examine the victim's widow concerning the victim's alleged assaultive conduct towards her was a proper exercise of discretion inasmuch as there was no proof that defendant was aware of this conduct *(see, People v Miller,* 39 NY2d 543).

Defendant's sentence of 10 to 25 years on his manslaughter conviction, a class B violent felony offense, was illegally imposed, however, and must be modified. Defendant was not found to be a predicate felon and, therefore, the minimum period of imprisonment imposed may not exceed one third of the maximum, unless the sentence is for conviction of a class B armed felony offense (Penal Law § 70.02 [1] [a]; [4]). Manslaughter in the first degree is not an armed felony offense since neither the possession nor the display of a deadly weapon is a statutory element thereof *(see,* Penal Law § 125.20; CPL 1.20 [41]; *People v Gonzalez,* 99 AD2d 1001).

Accordingly, since the record clearly indicates the trial court's intention to impose a maximum sentence of 25 years on the manslaughter conviction, we hereby modify the judgment to impose a sentence of 8⅓ to 25 years. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.