■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered May 4, 1982, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal, the defendant raises a variety of grounds in support of his argument for reversal of the judgment of conviction. Only a few of his claims merit discussion.

The defendant's argument that the indictment should be dismissed because of the People's delay in presenting the case to the Grand Jury is without merit. The Grand Jury voted to indict the defendant less than four months after he allegedly shot the complainant. The delay in presentment was caused by the seriousness of the complainant's injuries and was not prejudicial to the defendant. Under these circumstances, the preindictment delay does not warrant dismissal *(see, People v Bonsauger,* 91 AD2d 1001). Nor was the defendant unduly prejudiced by the fact that the complainant's testimony was presented to the Grand Jury in the form of a videotape, apparently with the consent of defense counsel. The Legislature's subsequent enactment of CPL 190.32, which provides that the People may move ex parte for an order permitting the use in Grand Jury proceedings of videotaped testimony of an incapacitated witness, lends support to a finding that under

certain circumstances, evidence in that form may be appropriate.

Also without merit is the defendant's claim that the trial court committed reversible error when it directed him to answer the prosecutor's questions. A defendant who voluntarily takes the stand in his own behalf "waives his 5th Amendment privilege and cannot refuse to answer questions regarding any matters relevant to the case" *(People v Bagby,* 65 NY2d 410, 414).

Similarly, the defendant's contention that the court improperly restricted the testimony of the defense witnesses is untenable. In order for evidence of prior violent acts of the victim to be admissible in support of a justification defense, the defendant must have been aware of the acts before he committed the crime *(see, e.g., People v Goetz,* 68 NY2d 96; *People v Sellers,* 113 AD2d 850). That is not the situation in this case.

Finally, the defendant's adjudication as a second violent felony offender was proper *(see,* Penal Law § 70.04; *People v Morse,* 62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* 469 US 1186; *People v Towns,* 109 AD2d 764). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.