OPINION OF THE COURT
Stanley B. Katz, J.
On June 5, 1992, the defendant was arraigned in Criminal Court on a felony complaint. More than six months having elapsed without the People indicating their readiness for trial, the defendant now moves to have the indictment dismissed pursuant to CPL 30.30.
The People state that in January 1992, the victim was robbed and shot in the back, neck and head. As a result, he *372 was rendered a quadriplegic and has been confined to a wheelchair and is virtually immobile. At the time the defendant was arrested in June 1992, the victim was confined to Goldwater Memorial Hospital, where he presently remains. Several attempts were made by the Office of the District Attorney to videotape the victim’s testimony, but due to his physical and emotional condition, the victim was unable to communicate with the Office of the District Attorney regarding the crime that had been committed.
In the "early fall”, it appears that the victim had been recovered sufficiently to testify. Therefore, in November, his statement was videotaped and immediately thereafter presented to the Grand Jury. The defendant was then indicted.
This court finds that the period from June 5, 1992 until the "early fall” should be excluded from the six-month period pursuant to section 30.30 (4) (g). That section permits the court to exclude "periods of delay occasioned by exceptional circumstances.” The facts of this case, which include the unavailability of the victim’s testimony due to his injuries sustained as a result of a heinous crime, and the due diligence of the Office of the District Attorney in trying to proceed, are found to constitute such exceptional circumstances. (See, People v Goodman, 41 NY2d 888, 889 [1977]; People v Robinson, 125 AD2d 612 [2d Dept 1986], lv denied 69 NY2d 1008 [1987].)
Excluding the period from June 5, 1992 through early fall, no matter how "early fall” is defined, six months have not as yet elapsed. Accordingly, the motion of the defendant to dismiss the indictment must be denied.
The defendant also moves to reserve his rights to file further motions. This branch of the motion is granted to the extent permissible under CPL 255.20.