OPINION OF THE COURT
Troy K. Webber, J.
Defendant was arraigned by misdemeanor complaint on May 1, 1997 and charged with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]), criminal impersonation in the second degree (Penal Law § 190.25 [1]) (3 *80 counts), obstructing governmental administration (Penal Law § 190.05) and violations of the Vehicle and Traffic Law (Vehicle and Traffic Law § 509 [1]).
By notice of motion dated September 17, 1997, defendant moves, inter alia, for dismissal of the charges pursuant to CPL 30.30.
CPL 30.30 (1) (b) provides that the People must be ready for trial within 90 days of includable time from the commencement of the action where the highest level of offense charged is a class A misdemeanor. Defendant is charged by misdemeanor complaint, the top count of which is a class A misdemeanor.
As stated above, the defendant was arraigned on the misdemeanor complaint on May 1, 1997. Thus, the People would have 90 days from May 1, 1997 in which to answer ready for trial. The People were unable to state ready until such time that they had filed the necessary documents to convert the complaint to an information. These documents were not filed and served until August 7, 1997. While the People concede that this was beyond the 90-day period, they argue that they were unable to file the necessary documents due to the deception employed by the defendant. Specifically, the People assert that they were unable to secure and file a copy of defendant’s driving abstract because defendant gave different names, dates of birth and Social Security numbers to the police officers. Thus, the People argue that defendant’s misrepresentation was an attempt by him to avoid apprehension or prosecution and, therefore, time is excludable pursuant to CPL 30.30 (4) (c).
CPL 30.30 (4) (c) states as follows:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
"(i) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; or
"(ii) where the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pur *81 suant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise”.
Thus, CPL 30.30 (4) (c) deals with those instances where the defendant absents himself from the jurisdiction, in that he cannot be located or he is attempting to avoid apprehension. The use of fictitious names, dates of birth, Social Security numbers and addresses has been deemed to constitute an attempt to avoid apprehension and prosecution. Here, however, defendant never absconded or failed to appear. In fact, he made all court appearances. This court agrees with the defendant that CPL 30.30 (4) (c) is inapplicable to the case at bar.
However, this court is also very troubled by the prospect of the defendant benefiting from his misrepresentations. It is clear that defendant’s sole aim in giving different names, dates of birth, addresses and Social Security numbers was to prevent the authorities from determining that defendant’s driver’s license had been previously suspended. It is also clear that the defendant was aware that the Department of Motor Vehicles tracks the driving record of a motorist through the motorist’s name, address, date of birth and motorist identification number.
Any variation of these items prevents the Department of Motor Vehicles from accurately producing the driving abstract. This court is satisfied that had the defendant not given three different names, dates of birth and addresses, the People would have been able to secure the driving abstract much more expeditiously. This court finds that the defendant’s misrepresentations caused the delay in the People obtaining the documents necessary to convert the complaint to an information.
CPL 30.30 (4) (g) states in pertinent part as follows:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
"(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) *82 the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by the exceptional circumstances of the case.”
An "extraordinary circumstance” has been found in instances where essential witnesses are unavailable due to illness, injury, or excessive trauma caused by the crime (People v Pharr, 204 AD2d 126 [1st Dept 1994]; People v DeJesus, 190 AD2d 1012 [4th Dept 1993], lv denied 81 NY2d 969 [1993]; People v Walters, 157 Misc 2d 371 [Sup Ct, Queens County 1993]; People v Abreu, NYLJ, Mar. 28, 1997, at 33, col 5 [Sup Ct, Kings County]; see also, People v Johnson, 167 AD2d 422 [2d Dept 1990] [extraordinary circumstance found where delay resulted from the prosecutor’s active and diligent pursuit of information to verify defendant’s alibi]; People v Juan R., 153 Misc 2d 400 [Sup Ct, Bronx County 1992] [period of delay was excludable where defendant refused to give blood samples for an AIDS test]).
Here, the People exercised due diligence in their attempts to secure defendant’s driving abstract. On three occasions they requested of the Department of Motor Vehicles defendant’s driving abstract. Their failure to secure the driving abstract within the 90-day period was due only to the misrepresentations provided by the defendant.
Thus, this court finds that the delay constituted an extraordinary circumstance and is therefore excludable pursuant to CPL 30.30 (4) (g). As such, defendant’s motion to dismiss pursuant to CPL 30.30 is denied.