■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RICKETT, Appellant. [687 NYS2d 648] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 21, 1997, convicting him of burglary in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing definite sentences of imprisonment of 15 years for his conviction of burglary in the second degree and 7 years for his conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the defendant's conviction of criminal possession of a weapon in the third degree and substituting therefor an indeterminate sentence of $3\frac{1}{2}$ to 7 years imprisonment; as so modified, the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The court did not err in denying the defendant's request to

charge criminal trespass in the second degree as a lesser-included offense of burglary in the second degree (*see,* Penal Law §§ 140.15, 140.25). Although criminal trespass in the second degree is a proper lesser-included offense of burglary in the second degree, i.e., it is theoretically impossible to commit the greater offense without concomitantly committing the lesser (*see, People v Peyton,* 244 AD2d 976), there is no reasonable view of the evidence at bar to support a finding that the defendant committed the lesser offense but not the greater (*see, People v Scarborough,* 49 NY2d 364, 368).

As the People correctly concede, the seven-year definite sentence imposed for his conviction of criminal possession of a weapon in the third degree is illegal, since the weapons charge was not a violent felony offense (*see,* Penal Law § 265.02 [1]). Accordingly, since the record clearly indicates the trial court's intention to impose a maximum sentence (*see,* Penal Law § 70.04 [3] [c]), we hereby modify the sentence for that conviction to an indeterminate term of imprisonment of 3½ to 7 years (*see,* Penal Law § 70.02 [1] [c]; § 70.06 [4] [b]; *People v Sellers,* 113 AD2d 850).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.