■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY WALKER, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered August 22, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, the evidence was legally sufficient to establish that defendant possessed the drugs found in the apartment with intent to sell *(People v Morales,* 162 AD2d 128). *People v*

*Rivera* (176 AD2d 498, *lv denied* 79 NY2d 831) is distinguishable, in that here defendant led the undercover officer to the apartment to which he had apparently unlimited access and retrieved the drugs he sold. Nor is this defendant's conviction of criminal sale of a controlled substance unsupported by legally sufficient evidence or against the weight of the evidence. The People's identification evidence was quite strong, and defendant's criminal liability is not negated by the fact that neither the prerecorded buy money nor any additional drugs were found on defendant when arrested *(People v Bobbitt,* 180 AD2d 489, *lv denied* 79 NY2d 1046). Defendant's argument that the prosecutor's summation deprived him of a fair trial is unpreserved and we decline to review it (CPL 470.05 [2]). Were we to review in the interest of justice, we would find that the challenged comments do not warrant a new trial in view of the overwhelming evidence of guilt, the curative instruction of the trial court, and a defense summation suggesting that the police officers were not telling the truth. Concur—Sullivan, J. P., Carro, Milonas, Wallach and Kupferman, JJ.