■ The People of the State of New York, Respondent, v Nelson Torres, Appellant. [638 NYS2d 70] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered October 28, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish defendant's guilt of the crime charged. Upon an independent review of the facts, we find the verdict was not against the weight of the evidence. Under the circumstances presented, the trained narcotics officer had sufficient time to observe the seller during the sale and provided a description to her backup officer which was sufficiently detailed to enable him to locate easily the person described (see, People v Morales, 37 NY2d 262, 271; People v Smith, 198 AD2d 187, lv denied 83 NY2d 810). That no prerecorded buy money or drugs were recovered from defendant or his codefendant does not preclude a finding of guilt (People v Walker, 186 AD2d 62, lv denied 81 NY2d 767).

The trial court's determination to reread a portion of its original charge in its supplemental instruction, rather than including additional language requested by defense counsel, was proper since the jury's note specifically requested a readback of that particular portion, and requested nothing more (see, People v Malloy, 55 NY2d 296, cert denied 459 US 847).

Defendant's contention that the admission of the backup officer's testimony concerning the witness's arrest of another individual "in close proximity" to defendant constituted evidence of uncharged crimes and deprived him of a fair trial is unpreserved (CPL 470.05 [2]) and, in any event, without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Williams, JJ.